UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61724-CIV-ZLOCH

SAMER ELEID,

      Plaintiff,

vs.                                    **FINAL ORDER OF DISMISSAL**
                                    **AS TO COUNT II**

ONE SOURCE POMPANO, INC., and
PAUL BURTON,

      Defendants.

_____/

THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

The Court notes that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction."  28 U.S.C. § 1367(a) (2006).  Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331 (2006).  "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues."  Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville &

<u>Nashville R.R. Co. v. Mottley</u>, 211 U.S. 149 (1908)).

In his Complaint (DE 1), Plaintiff asserts claims pursuant to 29 U.S.C. § 216 and Florida state law.  Count I asserts a claim arising only under the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et</u> <u>seq.</u>, and Count II asserts a claim for breach of contract.  The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to the federal claim and 28 U.S.C. § 1367 as to the state law claim.  Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (2006).  It is clear that this Court has original jurisdiction over the federal claim asserted in Count I pursuant to 28 U.S.C. § 1331.  After reviewing Plaintiff's Complaint herein, the Court finds that the state law claim as asserted in Count II is so related to the federal claim in the instant action that it forms part of the same case or controversy. 28 U.S.C. § 1367(a) (2006).  Therefore, this Court has the authority to exercise supplemental jurisdiction over the state law claim in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here.  In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715 (1966).  The relevant statute provides in pertinent part:

2

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1)  the claim raises a novel or complex issue of State law, [or]
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

28 U.S.C. § 1367(c) (2006).  Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claim asserted in Count II of the Complaint because that claim presents questions of state law which would otherwise predominate over the federal claim present here.  The Court finds that such state law claim would tend to dominate the federal claim and obscure its significance.  See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and dismiss the state law claim set forth in Count II as such state law claim presents both novel and complex questions of state law which would otherwise predominate over the federal claim presented here.[1]

The Court recognizes that current trends in the law favor expanded federal court jurisdiction.  The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction.  While those who advocate a more liberal interpretation of Article III, as

---

[1] The Court directs Plaintiffs to 28 U.S.C. § 1367(d), which tolls the limitations period on claims asserted under § 1367(a) for thirty days, unless state law provides for a longer tolling period, so that the same may be refiled in state court.

3

well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's claim for breach of contract raised in Count II of the Complaint (DE 1) be and the same is hereby **DISMISSED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___17th___ day of August, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record